AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED

APR 2 1 2015

David J. Bradley, Clerk of Court

| | |
|---|---|
| United States of America<br>v.<br>ALONZO FLOWERS,<br>KYE RUE,<br>JERRIUS JAMALL WILLIAMS, a/k/a JERRIEUS WILLIAMS<br>PAUL MCCOY, JR.,<br>ANDRA LARUE COLEMAN, a/k/a ANDRE COLEMAN<br><br>*Defendant(s)* | Case No.<br><br>H15-517 M |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of January 8, 2015 to January 29, 2015 in the county of Harris in the
Southern District of Texas, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Sections 1951(a), 924(c)(1)(A)(ii), and 2. | Conspiracy to Interfere with Interstate Commerce by Robbery<br><br>Aiding and Abetting Use of a Firearm in Furtherance of a Crime of Violence |

This criminal complaint is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

S.A. Rosamilia
Printed name and title

Sworn to before me and signed in my presence.

Date: April 21, 2015

City and state: Houston, TX

_____
Judge's signature

Francis H Stacy
U.S. Magistrate Judge
Printed name and title

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

The Affiant being duly sworn does depose and state the following:

1. That I am currently employed as a Special Agent in the Bureau of Alcohol, Tobacco and Firearms & Explosives (ATF) and have been so since 2009. During this time I have conducted and participated in numerous investigations concerning the illegal possession of firearms, federal controlled substance conspiracy laws, and the commission of violent crimes, to include armed robberies, which are also known as takeover robbery investigations.

2. During my employment as an ATF Special Agent, I have received specialized training regarding, and have personally participated in, various types of investigative activity, including, but not limited to, the following: (a) physical surveillance; (b) the debriefing of defendants, witnesses, informants and other individuals who have knowledge concerning violations of federal firearms laws; (c) undercover operations; (d) the execution of search warrants; (e) the consensual monitoring and recording of conversations; (f) electronic surveillance through the use of pen registers and trap and trace devices; (g) the court-authorized interception of both wire and

electronic communications (i.e., Title III wiretaps); and (h) the handling and maintenance of evidence.

3. This Affidavit is made for the limited purpose of establishing probable cause to support a Criminal Complaint. Based on the facts and circumstances outlined below, there is probable cause to believe that, Jerrieus WILLIAMS, Alonzo FLOWERS, Kye RUE, Andre COLEMAN, and Paul MCCOY did Conspire to Interfere with Commerce by Robbery, in violation of Title 18, United States Code § 1951(a), and did Aid and Abet the Use and Carrying of a Firearm During and in Relation to a Crime of Violence, in violation of Title 18, United States Code §§ 924(c)(1)(A)(ii) and 2. Since this Affidavit is for the limited purpose of establishing probable cause to support the Criminal Complaint, it contains only a summary of relevant facts. I have not included each and every fact known to me concerning the entities, individuals, and the events described in this Affidavit.

4. The statements made in this Affidavit are based in part on: (a) my personal participation in this investigation; (b) information provided to me by other law enforcement officers; (c) information provided to me and other law enforcement officers by tipsters; (d) review of consensually

monitored and/or recorded interviews; (e) criminal history records maintained by various law enforcement agencies; and (f) the training and experience of myself and other law enforcement agents and officers.

5. To the extent that statements of suspects and witnesses are summarized below, those summaries do not include references to all of the topics covered during the course of the interview. In addition, the summaries do not include references to all statements made by the speakers on the topics that are described.

6. On January 14, 2015, Jet Pawn, a Federal Firearms Licensee, located at 6135 F.M. 2920, Spring, Texas 77373, was robbed at gun point by three unknown black males. Harris County Sheriff's Office responded to the scene after receiving a panic hold up alarm from the store. While in route to the scene, Officer M. Romano received a dispatch report that the suspects had fled the scene eastbound on F.M. 2920 in a black, sedan without a license plate, being driven by a third unknown black male.

7. According to witnesses, the suspects entered the store around 1:00 p.m. carrying handguns and wearing bandanas over their faces. The suspects ordered the customers and employees

Page 3 of 11

to the ground at gunpoint. One suspect rushed behind the counter, pointed a handgun at one of the store employees there, and forced the employee to the backroom, where the employee was made to open the store's safe. The suspect took money and a Cal-Tech10 handgun from the safe.

8.  The other two suspects remained on the sales floor of the store, removing firearms from the gun cases located there. The two suspects also removed the cell phones from two customers and two employees whom they had held on the sales floor.

9.  An audit following the robbery revealed that the suspects had gotten away with $2,687, in United States currency, as well as 19 jewelry envelopes of currently indeterminate value, and 25 firearms.

10. A witness advised that he observed a black Camry occupied by at least three individuals meet with a white Impala in the Kroger parking lot directly across from Jet Pawn on the date and around the time immediately after the robbery. He stated that the vehicles were in front of Texas Optical when they exited the parking lot at a high rate of speed. He noticed that when they exited the parking lot they dropped two cell phones which the witness had retrieved and then surrendered to officers. The two cell phones were identified as the two cell

phones taken from the customers at Jet Pawn during the robbery.

11. The two other phones stolen from Jet Pawn were later retrieved from a nearby air conditioning business. Witnesses there informed agents that the cell phones were thrown out of a white Impala and dark-colored Toyota Camry in front of the air conditioning business.

12. A review of the surveillance video captured from a store in the vicinity of the robbery revealed a dark sedan missing a rear passenger hub cab passing at approximately 1:06 p.m. on the date of the robbery, travelling eastbound on Spring Stuebner Road.

13. Investigation into the Jet Pawn robbery revealed similarities with the robbery of the Cash America Pawn, 3211-B FM 1960, Humble, Texas, on January 9, 2015.

14. Agents obtained evidence from the surveillance cameras located in Cash America Pawn from January 8, 2015 and January 9, 2015. On January 8, 2015, surveillance revealed three individuals believed to be researching the location for a possible robbery. Surveillance showed the three individuals utilizing a black Toyota sedan missing the rear passenger hub cap.

15. The manager of Cash America advised that he recognized

one of the firearms used in the January 9, 2015, as a Berreta Nenos .22 caliber pistol. After reviewing surveillance footage of the robbery of Jet Pawn, the manager stated that the firearm used in the Jet Pawn robbery appeared to be the same one used at the robbery at Cash America, and the vehicle used as the getaway car from the Jet Pawn robbery appeared to be the same one that the individuals believed to be casing Cash America left in on January 8, 2015.

16. Investigation into the Jet Pawn robbery and the Cash America Pawn robberies revealed similarities with the attempted robbery of the Mad Dog Smoke Shop, 966 West F.M. 1960, Houston Texas, on January 29, 2015.

17. During this attempt, two armed individuals with their faces covered with black neoprene masks entered the store. Upon entry, an employee of the business confronted the suspects and fired several rounds at them. The suspects fell to the ground then got up and ran off entering a black Toyota Camry.

18. While fleeing the scene, one of the suspects dropped a firearm which was later identified as a firearm stolen from Jet Pawn on January 14, 2015.

19. On February 5, 2015, Harris County Deputy Angstadt received a tip, reporting that Alonzo FLOWERS was involved in a

robbery of a business in which a lot of guns were stolen. The tipster also stated that FLOWERS and another suspect were shot in a robbery and that FLOWERS went to the hospital for treatment.

20. Houston Police Department Officer Alexandra Harrell called Houston Police dispatch and checked for hospital reports of shootings. Dispatch located a service call on January 29, 2015, at approximately 10:20 p.m. on a report that the victim, later identified as Alonzo FLOWERS, had been shot by an unknown person while walking to the corner store and was requesting medical assistance at an apartment on Seminar Drive.

21. On February 5, 2015, an arrest warrant was issued for FLOWERS. Harris County Sherriff's Office, Houston Police Department and ATF agents responded to the apartment on Seminar Drive in an attempt to serve the aforementioned arrest warrant. Upon arrival at the apartment, an individual, later identified as Jerrieus WILLIAMS, attempted to quickly leave the area. Agents recognized WILLIAMS as one of the individuals on the video surveillance from Cash America Pawn shop on January 8, 2015. There was also a strong odor of marijuana coming from the apartment WILLIAMS had exited, resulting in his being detained.

22. After WILLIAMS was detained, a Houston police officer knocked on the door of the subject apartment. A female, later identified as Mercedes JOHNSON, answered the door. Agents recognized Johnson as one of the subjects seen in the video surveillance footage from Cash America Pawn on January 8, 2015. Johnson was asked if anyone else was in the apartment, which she replied no. Johnson was asked if she knew where FLOWERS was. Johnson was able to provide an exact location in the same apartment complex for FLOWERS's whereabouts, and FLOWERS was arrested by HPD and HCSO.

23. In an interview of Johnson, she advised that she was at Cash America Pawn on January 8, 2015, and identified the two black males with her as WILLIAMS and Kye RUE. Johnson was shown pictures of the individuals that robbed the Cash America Pawn Shop on January 9, 2015. Johnson identified WILLIAMS as being one of the individuals that went into the pawn shop and Paul MCCOY as the individual with the firearm to the head of the store manager. Johnson further advised that RUE drives a black Toyota Camry with a paper tag, and a missing hub cap. Johnson identified a person she knew only as "Dre," FLOWERS, and MCCOY as the individuals that went inside Jet Pawn to conduct the robbery on January 14, 2015.

24. Johnson also told agents that on the day of the Mad Dog Smoke shop robbery WILLIAMS, RUE, "Dre", and FLOWERS were all together. At approximately 10:20 p.m., Johnson heard someone knocking very loudly on the apartment door. Johnson advised that FLOWERS, RUE, and WILLIAMS had come back to the apartments on Seminar Drive, and when Johnson opened the door, she was told that FLOWERS was shot in the stomach and RUE was shot in his right arm and leg. Johnson was told to move the black Toyota Camry. After FLOWERS was brought to the hospital, Johnson found out that they were shot during a robbery.

25. Tashira McCoy, the lease holder of the subject apartment on Seminar Drive, gave voluntary consent for the residence to be searched. Upon searching the residence, officers found a black back pack with a Glock model 27, .40 caliber pistol which was identified as a firearm stolen from the Jet Pawn on January 14, 2015. Also, located in the black bag were WILLIAMS's birth certificate and his driver's license, along with a black neoprene mask.

26. On February 5, 2015 your Affiant and HCSO David Angstadt interviewed WILLIAMS in reference to his involvement in the Cash America Robbery on January 9, 2015, the Jet Pawn robbery on January 14, 2015, and the Mad Dog Smoke Shop

Page **9** of **11**

attempted robbery on January 29, 2015. WILLIAMS advised he was at Cash America with Johnson and RUE on January 8, 2015, and that RUE drove them to and from the robbery in his black Camry with a paper license plate. WILLIAMS advised MCCOY was the individual with the firearm pointed at the manager's head at Cash America Pawn on January 9, 2015. WILLIAMS stated he was in the Kroger parking lot during the Jet Pawn robbery and was on the phone with "Dre", later identified as Andre COLEMAN, who was inside the pawn shop during the robbery. WILLIAMS acted as a lookout for police presence in the area.

27. WILLIAMS stated that COLEMAN, MCCOY, and FLOWERS went inside and committed the Jet Pawn robbery. MCCOY was the individual who went into the back room and RUE drove them to and from the robbery in his black Camry.

28. On March 25, 2015, your Affiant and HPD Investigator Harrell interviewed RUE in reference to his involvement in the Cash America robbery on January 9, 2015, and the robbery of Jet Pawn on January 14, 2015. RUE advised he was at Cash America with Johnson and WILLIAMS on January 8, 2015. RUE also stated that he drove his black Camry with a paper license plate that day. RUE advised that MCCOY was the individual with the firearm pointed at the manager's head and identified COLEMAN as being

the individual in the gray hoodie during the robbery of Cash America on January 9, 2015. RUE admitted to driving the robbers to and from the Cash America and Jet Pawn robberies in his black Camry.

Based on the foregoing, I believe there is probable cause that Jerrieus WILLIAMS, Alonzo FLOWERS, Kye RUE, Andre COLEMAN, and Paul MCCOY did Conspire to Interfere with Commerce by Robbery, in violation of Title 18, United States Code § 1951(a), and did Aid and Abet the Use and Carrying of a Firearm During and in Relation to a Crime of Violence, in violation of Title 18, United States Code §§ 924(c)(1)(A)(ii) and 2.

_____ 5135
DOMINIC ROSAMILIA
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to and subscribed before me on this the __21__ day of April, 2015 and I find probable cause.

_____
FRANCES H. STACY
United States Magistrate Judge

Page **11** of **11**